IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CLYDE HARDEN and EMMIE HARDEN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> U.S. BANK NATIONAL ASSOCIATION FOR ) <br> THE HOLDERS OF THE CITIGROUP ) <br> MORTGAGE LOAN TRUST, INC., MORTGAGE ) <br> PASS-THROUGH CERTIFICATES, SERIES ) <br> 2007-AF4; and ) <br> NATIONSTAR MORTGAGE, LLC, ) <br> ) <br> Defendants. ) | Case No. 2:15-cv-02438-STA-tmp |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Clyde Harden and Emmie Harden brought this action against Defendants Nationstar Mortgage LLC and U.S. Bank N.A. for The Holders of the Citigroup Mortgage Loan Trust, Inc. Mortgage Pass-Through Certificates, Series 2007-AF4, in the Chancery Court for Shelby County, Tennessee, asserting claims of intentional and negligent misrepresentation, breach of contract, promissory estoppel, and breach of the covenant of good faith and fair dealing. (ECF No. 1-1.) Defendants removed the action to this Court with jurisdiction predicated on diversity of citizenship, 28 U.S.C. § 1332. On August 24, 2016, Defendants filed a motion for summary judgment. (ECF No. 26.) Plaintiffs have not responded to the motion. For the reasons set forth below, Defendants' motion is **GRANTED**.

<u>Standard of Review</u>

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

1

to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] When deciding a motion for summary judgment, the court must review all the evidence and draw all reasonable inferences in favor of the non-movant.[2] In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, and it "may not make credibility determinations or weigh the evidence."[3] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[4] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[5] When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[6] The Court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial."[7]

---

[1] Fed. R. Civ. P. 56(c).

[2] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[3] *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 360 (6th Cir. 2014).

[5] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986).

[6] *Id.* at 251–52.

[7] *Celotex*, 477 U.S. at 322.

Statement of Facts

The complaint alleges as follows. (Compl., ECF No. 1-1.)[8]

1. Plaintiffs executed a Deed of Trust on December 18, 2006, securing a loan of $611,750.00 with real estate located at 2500 Preakness Place, Eads, Tennessee 38028 (the "Property"). (Compl. ¶¶ 1, 6, Ex. A.)

2. On September 24, 2011, MERS executed an assignment of the Deed of Trust to Defendant Citigroup. (Compl. ¶ 8, Ex. B).

3. Plaintiffs were current on payments due on the Note until February 2011, at which time they went into default. (Compl. ¶ 12).

4. After several failed short-sale attempts, Plaintiffs requested a loan modification from Nationstar. (Compl. ¶¶ 19-22).

5. A Nationstar "represented that through Nationstar's modification process, [Plaintiffs] could negotiate directly with Nationstar and obtain a more affordable mortgage payment, which the Nationstar representative estimated at less than $2,500," and a Nationstar employee represented that "following the trial period of its modification program, Mr. and Mrs. Harden's monthly mortgage payment would decrease substantially from the $4,597.85 trial payment paid from June through August of 2014." (Compl. ¶¶ 46- 47).

6. On or around September 9, 2013, Plaintiffs submitted their modification documents to apply for a Home Affordable Modification Plan ("HAMP"). (Compl. ¶ 23).

7. On or around October 26, 2013, Plaintiffs received a letter indicating that they were accepted into a HAMP Trial Period Plan. (Compl. ¶ 25, Ex. I).

---

[8] Defendants have relied on the allegations of the complaint and the exhibits attached to the complaint for their statement of undisputed material facts. (ECF No. 26-2.)

8. Plaintiffs believed that the HAMP Trial Period Payments were too much at $4,183.55 per month, Plaintiffs submitted additional information, and a new HAMP Trial Period Plan was offered with three Trial Period Payments of $4,597.85. (Compl. ¶¶ 28-29).

9. Plaintiffs paid all three of the $4,597.85 Trial Period Payments and received a permanent modification offer with a monthly payment of $4,577.48 over a period of 40 years and an interest rate of 4.875% which Plaintiffs rejected by failing to execute the agreement and return it to Defendants. (Compl. ¶ 32-34).

10. Plaintiffs' allege that Defendants breached its agreement by sending a modification that was not a reduction in mortgage payment. (Compl. ¶ 62).

11. Plaintiffs additionally allege that a Nationstar representative "promised [Plaintiffs] a permanent loan modification at a significantly reduced payment if they performed successfully on a trial modification" and that Plaintiffs made payments pursuant to this agreement but the modified payments stayed virtually the same. (Compl. ¶¶ 64-65).

Analysis

Intentional and Negligent Misrepresentation

Defendants contend that Plaintiffs' claims for intentional and negligent misrepresentation fail because Plaintiffs have not alleged a misrepresentation of a past or present fact instead of future facts, as required to state a misrepresentation claim under Tennessee law. The Court finds Defendants' contention to be persuasive.

Plaintiffs rely on two statements as the basis for their misrepresentation claims: Nationstar "represented that through Nationstar's modification process, [Plaintiffs] could negotiate directly with Nationstar and obtain a more affordable mortgage payment, which the Nationstar representative estimated at less than $2,500"; and a Nationstar employee represented that

"following the trial period of its modification program, Mr. and Mrs. Harden's monthly mortgage payment would decrease substantially from the $4,597.85 trial payment paid from June through August of 2014."

As noted by Defendants, "Tennessee has adopted the definition [of negligent misrepresentation] found in the Restatement (Second) of Torts § 552, which strictly limits the tort to 'commercial' or 'business' transactions."[9] A negligent misrepresentation creates liability only when:

> (1) the defendant is acting in the course of his business, profession, or employment, or in a transaction in which he has a pecuniary (as opposed to gratuitous) interest; and (2) the defendant supplies faulty information meant to guide others in their business transactions; and (3) the defendant fails to exercise reasonable care in obtaining or communicating the information; and (4) the plaintiff justifiably relies upon the information.[10]

The false information at issue must relate to "past or existing facts."[11]

To recover for intentional misrepresentation, a plaintiff must prove:

> (1) that the defendant made a representation of a present or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that the defendant either knew that the representation was false or did not believe it to be true or that the defendant made the representation recklessly without knowing whether it was true or false; (5) that the plaintiff did not know that the representation was false when made and was justified in relying on the truth of the representation; and (6) that the plaintiff sustained damages as a result of the representation.[12]

Here, both statements that Plaintiffs point to in their complaint as misrepresentations refer to future facts— i.e., that Plaintiffs could, in the future, negotiate directly with Nationstar,

---

[9] *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 751 (6th Cir. 2014) (citing *Hodge v. Craig*, 382 S.W.3d 325, 344-45 (Tenn. 2012)).

[10] *Thompson,* 773 F.3d at 752 (citing *Robinson v. Omer*, 952 S.W.2d 423, 427 (Tenn. 1997)).

[11] *See Houghland v. Security Alarms & Services, Inc.*, 755 S.W.2d 769, 771 (Tenn. 1988).

[12] *Hodge v. Craig*, 382 S.W.3d 325, 342 (Tenn. 2012).

that their estimated future payment would be less than $2,500 and that, after Plaintiffs finished the Trial Period Payments, their future payment would be substantially less. These alleged misrepresentations fail to state a claim for intentional or negligent misrepresentation because each statement is to a future fact, not a past or present fact. As such, the misrepresentation claims fail as a matter of law.[13]

Breach of Contract

Defendants contend that Plaintiffs' breach of contract claim is deficient because there is no signed modification agreement in place and any alleged oral contract violates Tennessee's Statute of Frauds. Plaintiffs have not identified which contract Defendants allegedly breached but, instead, state that Nationstar has "breached its agreement by instead sending a modification that was not a reduction in mortgage payment." It does not appear from this allegation that Plaintiffs are alleging a breach of either the Note or Deed of Trust, the two existing contracts in place, but are asserting the breach of an oral agreement.

To state a breach of contract claim under Tennessee law, a plaintiff must allege the existence of an enforceable contract, a breach of that contract, and damages resulting from the breach.[14] Moreover, Tenn. Code Ann. § 29-2-101(a)(4) states, in relevant part, that "[n]o action shall be brought:…[u]pon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one (1) year[,]" unless the promise or commitment is in writing and signed by the party to be charged. "A mortgage, or a deed of trust,

---

[13] *See Oak Ridge Precision Indus., Inc. v. First Tenn. Bank Nat'l Ass'n*, 835 S.W.2d 25, 28-29 (Tenn. Ct. App. 1992) (holding that promises by a loan officer to lend money to the plaintiff in the future to meet payroll were "a promise of future action" and "by definition, they do not misrepresent a past or present fact.").

[14] *LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005).

in its legal aspect is a conveyance of an estate or an interest in land and as such within the meaning of the Statute of Frauds."[15] Tennessee's Statute of Frauds provides that:

> No action shall be brought against a lender or creditor upon any promise or commitment . . . to alter, amend, renew, extend or otherwise modify or supplement any written promise, agreement or commitment to lend money or extend credit, unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the lender or creditor, or some other person lawfully authorized by such lender or creditor.[16]

Plaintiffs are attempting to modify their Note and Deed of Trust without relying on a written instrument signed by their lender or its assigns, which is required to modify or amend promises or commitments to extend credit. Under the Statute of Frauds, Plaintiffs cannot establish an enforceable contract relating to the alleged modification of Plaintiffs' Note and Deed of Trust. Accordingly, summary judgment is granted in favor of Defendants on Plaintiffs' claim for breach of contract.

Promissory Estoppel

As grounds for their claim of promissory estoppel, Plaintiffs allege that Defendants promised Plaintiffs "a permanent loan modification at a significantly reduced payment if they performed successfully on a trial modification." The Court agrees with Defendants that this claim fails (1) because of the Statute of Frauds, (2) because Defendants' actions were not akin to fraud, and (3) because a valid underlying contract exits between the parties.

---

[15] *Lambert v. Home Federal Sav. & Loan Ass'n.*, 481 S.W.2d 770, 772-773 (Tenn. 1972) (citing 49 Am. Jur. Statute of Frauds, § 197, which states that a "mortgage or deed of trust of land cannot be made by parol").

[16] Tenn. Code Ann. § 29-2-101(b)(1).

7

"A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."[17] "[D]etrimental reliance, or promissory estoppel, is an equitable remedy based on a quasi-contractual theory," and, thus, it is only available when there is no valid contract between the parties.[18] When the complaint admits the existence of a contract but "fails to assert that there was a lack of consideration so that promissory estoppel should have been substituted as a quasi-contractual remedy, the trial court [does] not err in dismissing [the plaintiffs'] claim of detrimental reliance."[19]

Here, Plaintiffs have acknowledged the existence of a mortgage contract, specifically the Note and Deed of Trust, and, therefore, they may not state a claim based upon a promissory estoppel quasi-contractual theory.

Moreover, Defendants' actions are not akin to fraud. Plaintiffs allege that Defendants claimed the loan modification would significantly reduce their payments if they made the trial payments, but, in Plaintiffs' opinion, the ultimate modification was not significant enough of a reduction. Plaintiffs have pointed to no evidence demonstrating that such conduct amounts to fraudulent conduct. Furthermore, this conduct is not fraudulent because Plaintiffs have not alleged that Defendants' representative made any statement knowingly with the intent to deceive Plaintiffs.

---

[17] *Amacher v. Brown-Forman Corp.*, 826 S.W.2d 480, 482 (Tenn. Ct. App. 1991).

[18] *Asbury v. Lagonia-Sherman*, 2002 WL 31306691 at * 5-6 (Tenn. Ct. App. Oct. 15, 2002). *See also LeBlanc v. Bank of Am., N.A.*, 2013 WL 3146829 at *1 (W.D. Tenn. June 18, 2013) ("Generally, promissory-estoppel claims are only available where there is no valid contract between the parties.")

[19] *Asbury*, 2002 WL 31306691 at * 5.

Plaintiffs' promissory estoppel claim is also barred by the Statute of Frauds. Under the Statute of Frauds, a promise to modify an agreement to lend money is not enforceable unless it is evidenced by a writing signed by the lender or creditor.[20] In this case, any oral promise to modify the loan in any manner would be a modification to an existing loan agreement, which would require a signed writing to be enforceable. Plaintiffs allege only that Defendants agreed to modify the Note and Deed of Trust if Plaintiffs finished their Trial Plan Payments and that the modification would be "significantly less," as Defendants' representative allegedly stated. However, Plaintiffs fail to allege that a writing signed by Defendants exists to enforce this alleged significant reduction. Moreover, Plaintiffs acknowledge that Defendants sent a written agreement to modify the Note and Deed of Trust but Plaintiffs "did not sign and return the modification." Therefore, Plaintiffs' promissory estoppel claim is barred by the Statute of Frauds.[21]

For these reasons, summary judgment is granted in favor of Defendants as to Plaintiffs' promissory estoppel claim.

Covenant of Good Faith and Fair Dealing

---

[20] Tenn. Code Ann. § 29-2-101(b)(1).

[21] *See, e.g., Steelman v. Ford Motor Credit Co.*, 911 S.W.2d 720, 723 (Tenn. Ct. App. 1995) (stating that the Tennessee Supreme Court has refused to apply the doctrine of promissory estoppel as an exception to the Statute of Frauds and holding that the doctrine of promissory estoppel is barred by the Statute of Frauds); *see also Grona v. CitiMortgage, Inc.*, 2012 WL 1108117 at *4-5 (M.D. Tenn. Apr. 2, 2012) (holding promissory estoppel is not available in a claim for breach of a trial period plan).

Finally, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing fails because there is no independent basis for relief in Tennessee for this type of claim.[22] Instead, a claim for breach of the duty of good faith and fair dealing is "part and parcel" of a breach of contract claim; thus, when there is no breach of contract between the parties, a good faith and fair dealing claim fails as a matter of law.[23]

Conclusion

Defendants have pointed to unrefuted facts in the record that show they are entitled to judgment as a matter of law. Consequently, Defendants' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

> s/ S. Thomas Anderson
> S. THOMAS ANDERSON
> UNITED STATES DISTRICT JUDGE
>
> Date:   October 21, 2016.

---

[22] *See Weese v. Wyndham Vacation Resorts*, 2009 WL 1884058 at *5 (E.D. Tenn. June 30, 2009); *Solomon v. First Am. Nat'l Bank of Nashville*, 774 S.W.2d 935, 945 (Tenn. Ct. App. 1989).

[23] *Id.*